UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIERNAN COATS,

    Plaintiff,                                              Civil Action No. 18-CV-12162

vs.                                                    HON. BERNARD A. FRIEDMAN

GRAND BLANC
COMMUNITY SCHOOLS, et al.,

    Defendants.
_____/

## OPINION AND ORDER GRANTING
## DEFENDANT'S MOTION FOR STAY OF PROCEEDINGS

This matter is presently before the Court on defendant Holt's motion for stay of proceedings [docket entry 17]. The other parties have not responded to this motion and the time for them to do so has expired. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

Plaintiff alleges that while she was a high school student at the Grand Blanc Community Schools she was the victim of a sexual relationship with one of her teachers, defendant Holt. She asserts claims against the schools and/or Holt for violations of her rights under the Constitution, Title IX, and the Elliott-Larsen Civil Rights Act, and for negligence, infliction of emotional distress, ethnic intimidation, and acting contrary to public policy.

Plaintiff commenced this action in July 2018. Five months earlier, in February 2018, defendant Holt was bound over to Genesee County Circuit Court on five charges of criminal sexual conduct and one charge of child sexually abusive material, apparently based on his interactions with plaintiff. The trial on those charges is scheduled for February 2019. To preserve his Fifth Amendment rights, defendant Holt seeks a stay of the proceedings in the instant case until his

criminal trial is concluded.

Judge Parker of this Court recently summarized the legal standards governing such a motion as follows:

> "The Constitution . . . does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1376 (D.C. Cir. 1980) (en banc) (citing *Baxter v. Palmigiano*, 425 U.S. 308 (1975), and *DeVita v. Sills*, 422 F.2d 1172, 1181 (3d Cir. 1970)); *see also FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014) (citing *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007)). Nevertheless, a court has broad discretion to stay a civil action in the face of pending criminal proceedings. *E.M.A. Nationwide*, 767 F.3d at 627 (citing *Fleming*, 498 F. Supp. 2d at 1037) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936)). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants...." *E.M.A. Nationwide*, 767 F.3d at 626-27 (quotation marks and citation omitted).
>
> "[T]he strongest case for deferring civil proceedings until after the completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." *Dresser Indus.*, 628 F.2d at 1375-76; *see also E.M.A. Nationwide*, 767 F.3d at 628 ("A stay of a civil case is most appropriate where a party to the civil case has already been indicted...."). As the Court of Appeals for the D.C. Circuit explained in *Dresser Industries*:
>
>> The noncriminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the [criminal] case.
>
> 628 F.2d at 1376. The Sixth Circuit has found that "courts generally do not stay proceedings in the absence of an indictment." *E.M.A. Nationwide*, 767 F.3d at 628.

> Several factors are relevant to a court's decision whether to stay civil proceedings:
>
>> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to [the] plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.
>
> *Id.* at 627 (citing *Fleming*, 498 F. Supp. 2d at 1037). The party seeking the stay has the burden of demonstrating "'that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order.'" *Id.* at 627-28 (quoting *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977)). The Sixth Circuit has stated that "[t]he most important factor is the balance of the hardships, but the district court must also consider whether granting the stay will further the interest in economical use of judicial time and resources." *Id.* at 628 (brackets, quotation marks, and citation omitted).

*Stockwell v. Hamilton*, No. 15-11609, 2016 WL 3438108, at *2-3 (E.D. Mich. June 23, 2016).

In the present case, consideration of the *E.M.A. Nationwide* factors persuades the Court that the requested stay should be granted. Defendant has been charged in the criminal case regarding, according to defendant, the same events that are at issue in the present case. The present case therefore poses a threat to defendant's Fifth Amendment rights, as he may be compelled to answer questions in the civil case that he would have the right to refuse to answer in the criminal case. Further, there is no apparent prejudice to the other parties that would be caused by the short delay defendant Holt requests. The trial in the criminal case is scheduled to begin in just two months, on February 6, 2019, and the stay will be lifted once that trial is finished. Discovery in the present case does not close until May 31, 2019, and the trial is scheduled for December 17, 2019.

Therefore, the requested stay will have little, if any, effect on the present case. Further, as noted, the other parties have not responded to this motion, thereby tacitly conceding the lack of prejudice. In short, the relevant factors weigh in favor of granting the requested stay. Accordingly,

IT IS ORDERED that defendant Holt's motion for stay of proceedings is granted. The proceedings in the instant case are stayed until the conclusion of defendant Holt's Genesee County criminal trial.

IT IS FURTHER ORDERED that defendant Holt notify this Court, and the other parties in this matter, when his criminal trial has concluded.

s/Bernard A. Friedman
Dated: December 3, 2018     BERNARD A. FRIEDMAN
Detroit, Michigan     SENIOR UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 3, 2018.

s/Johnetta M. Curry-Williams
Case Manager